UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

_____
                                                    )
IN RE YASMIN AND YAZ (DROSPIRENONE) )        3:09-md-02100-DRH-PMF
MARKETING, SALES PRACTICES AND    )
PRODUCTS LIABILITY LITIGATION          )        MDL No. 2100
_____ )

**This Document Relates to:**
_____

**CATHY M. WALTON,**

    **Plaintiff,**                          Case No. 3:09-cv-10217-DRH -PMF

**v.**

**BAYER CORPORATION, BAYER
HEALTHCARE LLC, BAYER
PHARMACEUTICALS
CORPORATION, BAYER
HEALTHCARE PHARMACEUTICALS
INC., BERLEX LABORATORIES, INC.,
BERLEX, INC., JOHN DOE
MANUFACTURERS A-Z,
NIEMAN FOODS, INC., JOHN DOE
DISTRIBUTORS A-Z,**

    **Defendants**
_____

## **ORDER**

**HERNDON, Chief Judge:**

On December 18, 2009, this Court issued a protective order governing the handling of confidential information by parties participating in the *In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation* (S.D. Ill., MDL No. 2100) (MDL No. 2100, Doc 291; 09-cv-10217, Doc 6).

Currently before the Court is Plaintiff's motion to vacate the Court's protective order as to her case (09-cv-10217, Doc 14). The issuance of this type of case specific ruling - especially considering the exceptional number of cases that are now pending before this Court - would compromise these consolidated proceedings and would be contrary to the goals of multidistrict litigation. Accordingly, Plaintiff's motion must be denied.

A key purpose of consolidating multidistrict litigation is to streamline the pretrial process by eliminating duplicative discovery and conserving the resources of the parties and their counsel, as well as the judiciary. *See In re Plumbing Fixture Cases*, 298 F.Supp. 484, 499 (Jud. Pan. Mult. Lit. 1968). Toward this end, the Judicial Panel on Multidistrict Litigation (JPML) created this consolidated action finding that centralization would "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." (MDL No. 2100, Doc. 1). To date, the JPML's order has resulted in the consolidation of more than 400 individual actions for coordinated pretrial litigation with additional cases being added on an ongoing basis.

The protective order that Plaintiff seeks to vacate is designed to further the goals underlying the multidistrict litigation system. These goals are especially important in a docket of this size. The current protective order will facilitate the discovery of relevant information and expedite the discovery process by allowing the parties to conduct discovery in a coordinated and efficient fashion, as well as conserving judicial resources. Vacating the protective order as to Plaintiff's case would impede the discovery process and would defeat the purpose of the protective

order and of consolidated pretrial proceedings.

Furthermore, Plaintiff's counsel must understand that discovery in this case will proceed in a coordinated and consolidated fashion. For that purpose, the Court has appointed lead counsel and a steering committee who will coordinate all facets of these pretrial matters for Plaintiffs and Defendants. All discovery will be pursued through this coordinated fashion. No individual counsel will be allowed to pursue discovery independent of that which is approved by the steering committee for Plaintiffs in conjunction with Defendants' lead counsel. Whether this litigation remains at less than five hundred as it is at present or if the most expansive prediction of twenty-five thousand cases actually comes to fruition, the Court will not permit anyone to disrupt the orderly pursuit of this litigation for individual purposes. The objectives of the order of transfer from the JPML will be carried out by this Court.

Accordingly, Plaintiff's motion to vacate the protective order as to her case is DENIED.

**IT IS SO ORDERED.**

Date: January 11, 2010

/s/ *DavidRHerndon*
**Chief Judge**
**United States District Court**