UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

_____
                                                    )
IN RE YASMIN AND YAZ (DROSPIRENONE))     3:09-md-02100-DRH-PMF
MARKETING, SALES PRACTICES AND    )
PRODUCTS LIABILITY LITIGATION          )        MDL No. 2100
_____    )

**This Document Relates to:**
_____

**Katherine Anderson et al. v. Bayer Corp. et al.**
No.   3:10-cv-20168-DRH-PMF[1]

**Tamera Jirbi v. Bayer Corp. et al.**
No.   3:09-cv-20005-DRH-PMF

**Hannah Nall v. Bayer Corp. et al.**
No.   3:10-cv-10023-DRH-PMF

**Bridget Tanner v. Bayer Corp. et al.**
No.   3:09-cv-20002-DRH-PMF

**Kristin Van Cuyck et al. v. Bayer Corp. et al.**
No.   3:10-cv-20004-DRH-PMF[2]

**Cathy Walton v. Bayer Corp. et al.**
No.   3:09-cv-10217-DRH-PMF
_____

**ORDER**

---

[1] Defendant's motion applies to plaintiff Marie Jones.
[2] Defendant's motion applies to plaintiffs Kathleen Belt, Heather Crawford, Nettie Johnson, Anne Lewis, and Rhiannon Veenis.

**HERNDON, Chief Judge:**

This matter is before the Court on Defendant Bayer HealthCare Pharmaceuticals Inc.'s motion, pursuant to Case Management Order 12 ("CMO 12"), for an Order dismissing Plaintiffs' claims in the above-captioned matters without prejudice for failure to comply with their Plaintiff Fact Sheet ("PFS") obligations.[3]

Under Section E of CMO 12, Plaintiffs were given 14 days from the date of Defendant's motion to file a response either certifying that they had served upon Defendants and Defendants have received a completed PFS, and attaching appropriate documentation of receipt or an opposition to Defendant's motion.

Plaintiffs in the following member actions timely filed a response that complies with the requirements of CMO 12 Section E:

- Katherine Anderson et al. v. Bayer Corp. et al. No. 3:10-cv-20168-DRH-PMF
- Tamera Jirbi v. Bayer Corp. et al. No. 3:09-cv-20005-DRH-PMF
- Bridget Tanner v. Bayer Corp. et al. No. 3:09-cv-20002-DRH-PMF
- Kristin Van Cuyck et al. v. Bayer Corp. et al. No. 3:10-cv-20004-DRH-PMF

Accordingly, with respect to these member actions (3:10-cv-20168; 3:09-cv-20005; 3:09-cv-20002; 3:10-cv-20004), Defendant's motion is denied as moot.

---

[3] Under Section C of CMO 12, each Plaintiff is required to serve Defendants with a completed PFS, including a signed Declaration, executed record release Authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of Plaintiff. Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later."

Plaintiffs in (1) Hannah Nall v. Bayer Corp. et al. No. 3:10-cv-10023-DRH-PMF and (2) Cathy Walton v. Bayer Corp. et al. No. 3:09-cv-10217-DRH-PMF have failed to timely comply with the requirements of CMO 12.  Accordingly, Defendant's motion to dismiss pursuant to CMO 12 in member action 3:10-cv-10023 and 3;09-cv-10217 are dismissed without prejudice.[4]

The Court hereby Orders as follows:

Defendant's motion to dismiss is granted in part and denied in part.  With respect to member actions **3:10-cv-20168, 3:09-cv-20005, 3:09-cv-20002, and 3:10-cv-20004** Defendant's motion is **denied** as moot.  With respect to member actions **3:10-cv-10023 and 3:09-cv-10217** Defendant's motion is **granted**; member **3:10-cv-10023 and 3:09-cv-10217** actions are **dismissed** without prejudice for failure to comply with the provisions of CMO 12.

**SO ORDERED**

/s/      David R Herndon

**Chief Judge**                                                                       Date:  August 12, 2010
**United States District Court**

---

[4] The Court notes that CM/ECF inaccurately states that Plaintiffs had until August 10, 2010 to respond to Defendant's motion to dismiss.  Pursuant to CMO 12, the responsive deadline was July 22, 2010 (14 days from the date of the motion to dismiss).  When deadlines provided by CM/ECF conflict with orders of this Court, the Court ordered deadline will always control. Plaintiffs, however, have failed to meet either deadline.